# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WALKER, POND, and PARKER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E1 SEAN M. WILSON**
**United States Army, Appellant**

ARMY 20210462

Headquarters, Fort Liberty
Trevor I. Barna, Military Judge
Colonel Warren L. Wells, Staff Judge Advocate (pretrial)
Colonel Joseph B. Mackey, Staff Judge Advocate (post-trial)

For Appellant: Major Robert W. Rodriguez, JA; Captain Rachel M. Rose, JA.

For Appellee: Pursuant to A.C.C.A. Rule 17.4, no response filed.

29 November 2023

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

POND, Judge:

This case is before us for review under Article 66, Uniform Code of Military Justice (UCMJ). Appellant raised no assignments of error. On review of the record, we determine that appellant is entitled to 15 days of sentencing relief for excessive post-trial delay where 577 days elapsed from adjournment to this court's receipt of appellant's 149-page record of trial.

## BACKGROUND

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of three specifications of willfully disobeying a superior commissioned officer, one specification of violating a general order, and two specifications of domestic violence in violation of Articles 90, 92, and 128b, UCMJ, 10 U.S.C. §§ 890, 892, and 928b. The military judge sentenced appellant to a bad-

conduct discharge and 288 days confinement, and credited appellant with 8 days of confinement credit.[*]

Appellant's court-martial adjourned on 6 August 2021. His post-trial matters were submitted on 24 September 2021, 39 days after the original suspense. The convening authority took action six days later on 30 September 2021. On 25 May 2022, 237 days after the convening authority took action, the military judge authenticated the record. But 203 days passed before the court reporter certified the record on 14 December 2022. Another 78 days passed before the unit forwarded the record for appellate review on 2 March 2023. This court received appellant's record of trial on 7 March 2023, 577 days after adjournment. Excluding the 39 days of defense delay, the government took 533 days to process and forward appellant's 149-page record of trial to this court for review.

In explanation for the delay, the Acting Chief of Military Justice provided a memorandum stating the delay was due to high turnover of their court reporter personnel, prioritization of a backlog of other cases, and the abrupt vacancy of their post-trial paralegal.

## LAW AND DISCUSSION

This court reviews claims of excessive post-trial delay de novo. *United States v. Anderson*, 82 M.J. 82, 85 (C.A.A.F. 2022) (citing *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006)). Under Article 66(d)(2), UCMJ, this court has the discretion to determine whether relief is appropriate for any such delay.

In determining whether relief is appropriate, this court considers the totality of the circumstances "balancing the interplay between factors such as chronology, complexity, and unavailability, as well as the unit's memorialized justifications for any delay." *United States v. Winfield*, 83 M.J. 662, 666 (Army Ct. Crim. App. 2023). Legitimate justifications of post-trial delay do not include personnel and administrative issues. *United States v. Arriaga*, 70 M.J. 51, 57 (C.A.A.F. 2011). "To allow caseloads to become a factor in determining whether appellate delay is excessive would allow administrative factors to trump the Article 66 and due process

---

[*] Under segmented sentencing, the military judge sentenced appellant to be confined for 105 days for Specification 1 of Charge II, domestic violence; 150 days for Specification 3 of Charge II, domestic violence; 1 day for Specification 1 of Charge III, willfully disobeying a superior commissioned officer; 7 days for Specification 2 of Charge III, willfully disobeying a superior commissioned officer; 10 days for Specification 3 of Charge III, willfully disobeying a superior commissioned officer; and 15 days for The Specification of Charge IV, violating a general order.

rights of appellants." *Moreno*, 63 M.J. at 137 (quoting *Diaz v. JAG of the Navy*, 59 M.J. 34, 38 (C.A.A.F. 2003).

Here, the post-trial processing delay of appellant's 149-page record of trial is excessive and the explanation of the delay does not justify it. The chronology of events after adjournment shows long unexplained gaps: 203 days for the court reporter to certify the record after the military judge's authentication and then an unexplained lapse of 78 days to accomplish the ministerial task of forwarding the record to this court for review. Appellant has alleged no prejudice and the sentence he received – for pushing his wife, brandishing a firearm, and violating various orders to remain on post – was otherwise appropriate. But considering the totality of the circumstances, the excessive post-trial delay in this case warrants relief.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Only so much of the sentence as provides for a bad-conduct discharge and 273 days of confinement is AFFIRMED.

Senior Judge WALKER and Judge PARKER concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court

3